# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JASON W. ABNEY,
              Appellant,

          v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
CH-0351-13-1386-C-2

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Kenniston, Esquire, Somerset, Kentucky, for the appellant.

Mary L. Fuhr, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective June 21, 2013, the appellant was separated from his position as an Explosives and Material Handler (FLO) pursuant to a reduction in force. *Abney v. Department of the Army*, MSPB Docket. No. CH-0351-13-1386-I-1, Initial Appeal File (IAF), Tab 11 at 17‑19. He filed a Board appeal challenging the reduction in force, and the parties entered into a settlement agreement resolving the appeal. IAF, Tab 1; *Abney v. Department of the Army*, MSPB Docket No. CH-0351-13-1386-I-2, Appeal File (I-2 AF), Tab 18.[2] Pursuant to the terms of the settlement agreement, the agency agreed to, among other things, "place Appellant in a temporary position of Explosives and Material Handler (FLO), WG-6502-06, step 05, $20.11 per hour for a term of at least 9 months but no more than 12 months effective if Appellant successfully completes standard preemployment checks to include drug test, physical, and security background." I-2 AF, Tab 18 at 4. On July 9, 2014, the administrative judge dismissed the appeal as settled. I-2 AF, Tab 20.

---

[2] The appellant's initial appeal was dismissed without prejudice to automatic refiling due to the Government shut down in 2013. IAF, Tab 22.

¶3          On March 23, 2015, the appellant filed a petition for enforcement alleging that the agency had breached the settlement agreement when it placed him in an Explosives and Material Handler position in the Industrial Services Division instead of the Maintenance Division, where he formerly was employed.[3] *Abney v. Department of the Army*, MSPB Docket No. CH-0351-13-1386-C-2, Compliance File (C-2 CF), Tab 1 at 6. The appellant further contended that the agency failed to disclose the specific reasons why it determined that he could not return to an Explosives and Material Handler position in the Maintenance Division under the terms of a revised Army security regulation. C-2 CF, Tab 1 at 6, Tab 7 at 5-6. He also claimed that the agency failed to identify the name of the agency official charged with ensuring compliance with the settlement agreement in accordance with 5 C.F.R. § 1201.183(a)(2). C-2 CF, Tab 7 at 6.

¶4          Without holding the appellant's requested hearing, the administrative judge issued a compliance initial decision finding that the agency established that it was in full compliance with the parties' settlement agreement and that the appellant failed to prove any breach by the agency. C-2 CF, Tab 12, Compliance Initial Decision (CID). The administrative judge found that the settlement agreement was not ambiguous and did not require the agency to place the appellant in a position in the Maintenance Division because the express terms stated that the appellant was to be placed in a temporary position of Explosives and Material Handler without reference to any particular division. CID at 4-5. The administrative judge further found that the terms of the settlement agreement did not require the agency to provide any information concerning the security

---

[3] The appellant also filed a prior petition for enforcement on August 20, 2014, in which he asserted that he had not been placed in the proper Explosives and Material Handler position and the agency had failed to pay him $4,000 per the terms of the settlement agreement. *Abney v. Department of the Army*, MSPB Docket No. CH-0351-13-1386-C-1, Compliance File (C-1 CF), Tab 1 at 4-5. That petition for enforcement was dismissed as withdrawn. C-1 CF, Tabs 6-7.

regulation or the name of the individual responsible for enforcing the settlement agreement. *Id.* at 5.

¶5    The appellant has filed a petition for review in which he reiterates his arguments below that the agency did not identify the name of the person responsible for ensuring compliance with the settlement agreement pursuant to 5 C.F.R. § 1201.183(a)(2) and did not explain why it determined that he was no longer eligible for a position in the Maintenance Division under the terms of a revised Army security regulation.  Petition for Review (PFR) File, Tab 1 at 4. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order.  *Id.*  When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance.  *Id.*  The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence.  *Id.*

¶7    In interpreting a settlement agreement, the Board looks to the language used by the parties. *Zamora v. Department of Defense*, 58 M.S.P.R. 544, 546 (1993). The Board has no authority to unilaterally modify the terms of the parties' settlement agreement, *Hamilton v. Department of Veterans Affairs*, 92 M.S.P.R. 467, ¶ 6 (2002), or to read a nonexistent term into an agreement that is unambiguous, *Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 10 (2008).  The Board will consider parol evidence only if the agreement is ambiguous.  *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010).  The terms of an agreement are ambiguous as a result of differing interpretations as to the meaning or intent

given to those terms by the parties only when the respective interpretations are both reasonable. *Id.* When an agreement's words and meaning are unambiguous, its terms are not subject to variation. *Id.*; *see Slattery v. Department of Justice*, 590 F.3d 1345, 1347 (Fed. Cir. 2010). The fact that an agreement is silent as to a term does not mean it is ambiguous. *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 530 (1993).

¶8        We have reviewed the record in light of the appellant's allegations on review and discern no error in the administrative judge's findings. We agree with the administrative judge that the settlement agreement is unambiguous and does not specify a particular division for the Explosives and Material Handler position in which the agency agreed to place the appellant. CID at 4-5. As such, the administrative judge correctly found that the agency's placement of the appellant in an Explosives and Material Handler, WG-6502, step 5 position in the Industrial Services Division complied with the terms of the settlement agreement and declined to imply a term into the settlement agreement based on the appellant's assertion that the parties had previously discussed placing him in the Maintenance Division. CID at 5; *see, e.g.*, *De Luna*, 58 M.S.P.R. at 529-30 (finding that a settlement agreement's silence regarding the agency's alleged oral promise to increase the appellant's years of service for purposes of retirement did not render the agreement ambiguous and declining to consider parol evidence concerning prior settlement negotiations).

¶9        Similarly, we agree with the administrative judge that the settlement agreement does not contain any provision requiring the agency to explain the reasons why it determined that the appellant was no longer eligible to occupy a position in the Maintenance Division under its revised security regulation. CID at 5; I-2 AF, Tab 18. Finally, we find unavailing the appellant's argument concerning the agency's failure to identify the individual responsible for complying with the settlement agreement pursuant to 5 C.F.R. § 1201.183(a)(2). PFR File, Tab 1 at 4. Under the Board's regulations, if the agency fails to submit

the name and address of the agency official charged with complying with the Board's order, the Board presumes that the highest ranking appropriate agency official who is not appointed by the President by and with the consent of the Senate is charged with compliance.[4]  5 C.F.R. § 1201.183(a)(2).  Regardless, such information is now immaterial because we find the agency is in compliance.

¶10      Accordingly, we find that the appellant has not met his burden to show that the agency breached the settlement agreement, and we affirm the administrative judge's decision to deny the petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

---

[4] The record reflects that the agency previously had identified an individual responsible for implementation of the settlement agreement.  C-1 CF, Tab 3 at 7.

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.